_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **MICHAEL J. WARREN, and**<br>**MA JENNIFER P. WARREN** | **Bankruptcy Case**<br>**No. 10-40865-JDP** |
| **Debtors.** | |

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

    David E. Gabert, Pocatello, Idaho, Attorney for Debtors.

    Kathleen A. McCallister, Meridian, Idaho, Chapter 13 Trustee.

    David Hooste, ECHOHAWK LAW OFFICES, Pocatello, Idaho, Attorney for Advantage Plus Federal Credit Union.

### *Introduction*

    Before the Court is the confirmation of Debtors Michael and Ma Jennifer

MEMORANDUM OF DECISION – 1

Warrens' "2nd Amended Chapter 13 Plan and Related Motions," filed on January 5, 2011. Docket No. 82. On February 7, 2011, chapter 13 Trustee Kathleen A. McCallister ("Trustee") filed her "Findings and Recommendations" in which she detailed the reasons that Debtors' plan should not be confirmed. Docket No. 86.

The Court conducted an evidentiary hearing regarding confirmation of Debtors' plan on March 8, 2011. Thereafter, the parties filed briefs, and the issues were taken under advisement. The Court has considered the submissions of the parties, the testimony and evidence presented at the hearing, the arguments of counsel, as well as the applicable law, and concludes Debtors' plan can not be confirmed. This decision sets forth the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

### *Procedural History*

Debtors filed a petition for relief under chapter 13 of the Code on May 19, 2010. Docket No. 1. They filed an initial proposed chapter 13 plan on June 2,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

2010. Docket No. 21. Debtors filed an amended plan on September 25, 2010, Docket No. 49, which Trustee also recommended should not be confirmed, Docket No. 61. Trustee also filed a motion to dismiss alleging that Debtors had engaged in unreasonable delay. Docket Nos. 61, 64. The Court conducted an evidentiary hearing concerning the amended plan and motion to dismiss on November 9, 2010, and ruled that Debtors' plan could not be confirmed because it failed to pay all of Debtors' projected disposable income to unsecured creditors, as detailed on their Form 22C. *See* § 1325(b)(1); Docket No. 80. The Court further found that Debtors had not demonstrated that their situation was "unusual," or that any future changes in Debtors' income were "known or virtually certain" at the time of plan confirmation, and thus, could not deviate from Form 22C under the Supreme Court's analysis in *Hamilton v. Lanning*, __ U.S. __, 130 S.Ct. 2464 (2010), as well as this Court's decision in *In re Meek*, 07.2 I.B.C.R. 23, 27 (Bankr. D. Idaho 2007). Docket No. 80.

On January 5, 2011, Debtors filed a second amended plan, as well as a "Corrected Amended Chapter 13 Statement of Current Monthly Income & Calculation of Commitment Period and Disposable Income" ("Jan. 2011 Form

MEMORANDUM OF DECISION – 3

22C") (emphasis in original). Docket Nos. 82, 83. In this plan, Debtors propose to make monthly payments to Trustee in the amount of $1,377 for a period of sixty months. Docket No. 82, ¶ 1.1. Debtors' Jan. 2011 Form 22C indicated they had monthly disposable income of $1,377.17. Docket No. 83.

Once again, Trustee recommended that the plan not be confirmed. Docket No. 86. A confirmation hearing was set to occur on February 8, 2011, but because yet another evidentiary hearing was necessary, the hearing was continued. Docket No. 87. In the meantime, Trustee filed a another motion to dismiss citing unreasonable delay; this motion was also scheduled for hearing at the same time as the confirmation hearing. Docket No. 88; 89.

On February 28, 2011, Debtors filed a "2nd Amended Schedule I" indicating that Debtors' monthly gross wages were $9,051.99. Docket No. 94. Debtors also filed a "2nd Amended Chapter 13 Statement of Current Monthly Income & Calculation of Commitment Period and Disposable Income" ("Feb. 2011 Form 22C") the same day. Docket No. 96.

At the March 8, 2011, hearing, evidence and testimony were presented, and counsel argued their positions to the Court. After supplemental briefing, the

MEMORANDUM OF DECISION – 4

issues were was taken under advisement.

### *Findings of Fact[2] and Conclusions of Law*

For a bankruptcy court to confirm a chapter 13 plan, each of the requirements of § 1325(a) must be met. *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994). Debtors bear the burden of proof on all confirmation elements. *Id. (*citing *Chinichian v. Campolongo,* 784 F.2d 1440, 1442 (9th Cir. 1986); *Meyer v. Hill (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001); *In re Stella*, 06.3 I.B.C.R. 67, 68 (Bankr. D. Idaho 2006).

Trustee raises several concerns in her "Findings and Recommendations" document, including her belief that Debtors have engaged in bad faith in this case. However, the Court concluded and announced at the hearing that it does not find that sufficient evidence of bad faith is present. Thus, the Court's focus is on whether Debtors' latest plan otherwise complies with the requirements for confirmation found in § 1325(a). Based upon the evidence, the Court concludes that Debtors' plan can not be confirmed.

---

[2] These factual findings are based, in part, on the Court's prior decision in this case. Docket No. 80.

MEMORANDUM OF DECISION – 5

The first impediment to confirmation is that both Debtors' most recent schedule I, and the Feb. 2011 Form 22C, list gross wages derived from Ms. Warren's 2010 W-2 form, and not as indicated on the paycheck statements currently on file.  The W-2, found in Ex. 100, indicates Ms. Warren earned "[w]ages, tips and other compensation" of $108,623,93 for 2010.  That number, divided by twelve months, nets $9,051.99 per month.  This is the number utilized in Debtors' most recent schedule I and the Feb. 2011 Form 22C as Debtors' monthly gross wages figure.  However, Trustee contends that basing the gross wage figure on the monthly average of a W-2 is improper, and the Court agrees.

The paycheck stubs are more reflective of Ms. Warren's actual income during the relevant time period than is the W-2.  For starters, the W-2 covers all of 2010, while Debtors filed their bankruptcy petition approximately mid-year, on May 19, 2010.  Because circumstances in employment can change, check stubs which are applicable to the relevant time period more accurately reflect Ms. Warren's income at the time of filing than an average generated from an annual income.  This is especially true in light of the fact that in Ms. Warren's job as a nurse, she has a certain amount of control over her income, in that she often, but

MEMORANDUM OF DECISION – 6

not always, has the option to work extra shifts.

In addition, the case law does not support Debtors' use of the W-2 to measure income in this context. Rather, it appears that courts have condoned the use of W-2 forms only in cases where some of the paycheck stubs are missing, to fill in the gaps in the § 521(a)(1)(B)(iv) context.[3] *In re Reynolds*, 370 B.R. 393, 397 n.14 (Bankr. N.D. OK 2007). The Court has not located a case where a W-2 was adopted for use entirely in place of paycheck statements, nor have Debtors cited any authority to support their position. The Court therefore concludes that Debtors' gross income is properly derived from the paycheck statements on file in this case for the relevant time period. Based upon that evidence, Debtors' gross income for purposes of Form 22C is $9,944.91, as both the Form 22C filed in November 2010, and the Jan. 2011 Form 22C indicate.

The second difficulty with confirmation in this case concerns the adequacy of the proposed plan payments. The case law in this District has uniformly established that, in order to be confirmable, Debtors' plan must either pay their

---

[3] Section 521(a)(1)(B)(iv) requires debtors to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.]"

MEMORANDUM OF DECISION – 7

unsecured creditors in full, or Debtors must pay unsecured creditors all of their "projected disposable income" to be received during the plan's duration.  *See* § 1325(b); *In re Thiel*, 11.1 IBCR 31, 31 (Bankr. D. Idaho 2011); *In re Bronson*, 11.1 IBCR 34, 36 (Bankr. D. Idaho 2011).  Because Debtors are above-median-income debtors, their projected disposable income is calculated by reducing their current monthly income by the "amounts reasonably necessary to be expended" found in the means test of § 707(b)(2)(A) and (B).  *See* § 1325(b)(2) and (3); *In re Bronson*, 11.1 IBCR at 36.  Except in unusual circumstances, projected disposable income is determined by the completion of Form 22C.[4]  *In re Cram*, 414 B.R. 674, 676 (Bankr. D. Idaho 2009).

The difficulty with application of this analysis here is that Debtors have not provided the Court with an accurate Form 22C upon which to base confirmation of their proposed plan.  There are several irreconcilable differences between the Feb. 2011 Form 22C, and the Jan. 2011 Form 22C.  For example, the

---

[4] This Court has already rejected the proposition that Form 22C should be used to determine the length of the plan and then, if Form 22C is not fully accurate, schedules I and J should be used to determined a debtor's reasonable expenses and project the debtor's disposable income.  *In re Thiel*, 11.1 IBCR at 32.

MEMORANDUM OF DECISION – 8

Feb. 2011 Form 22C indicates that both of Ms. Warren's parents now reside in Debtors' home. This is significant because Part IV of Form 22C includes a deduction for food, apparel, housekeeping supplies and personal care expenses as well as a deduction for health care expenses, based upon the number of persons living in the household, as well as their respective ages.[5] Thus, the Feb. 2011 Form 22C includes the increased deductions due to the presence of both of Ms. Warren's parents, rather than only one as indicated in the Jan. 2011 Form 22C.

In addition, Line 36 of Form 22C lists other necessary expenses related to

---

[5] Under the guidelines, Line 24A allows a deduction for "food, apparel and services, housekeeping supplies, personal care, and miscellaneous" in the amount of $1,371 for a family of four, plus $262 for each additional person in the household for cases filed between March 15, 2010 and October 31, 2010. Means Testing: Census Bureau, IRS Data and Administrative Expenses Multipliers (Cases Filed Between March 15, 2010, and October 31, 2010, Inclusive) *available at* www.justice.gov/ust/eo/bapcpa/20100315/bci_data/national_expense_standards.htm. Moreover, Line 24B provides a deduction of $60 per household member under the age of 65, and $144 for each household member aged 65 and older for health care expenses. Means Testing: Census Bureau, IRS Data and Administrative Expenses Multipliers (Cases Filed Between March 15, 2010, and October 31, 2010, Inclusive) *available at* www.justice.gov/ust/eo/bapcpa/20100315/bci_data/national_oop_healthcare.htm Thus, the addition of Ms. Warren's second parent results in an additional $262 deduction for food, etc., and $144 for health care expenses on Form 22C.

MEMORANDUM OF DECISION – 9

health care that may be deducted. The amount deducted by Debtors has varied in their several Form 22Cs. However, the evidence showed that Debtors' expend approximately $650 in medical expenses for their daughter each month. While the Jan. 2011 Form 22C reflects that amount on Line 36, the Feb. 2011 Form 22C has a different number.

Finally, the Jan. 2011 Form 22C lists the correct gross wages figure on Line 11, but the Feb. 2011 Form 22C has the incorrect, W-2 based gross wage figure.

In short, after several tries, Debtors have not submitted a Form 22C which accurately reflects their actual income and expenses. Because Form 22C is the starting point from which the confirmability of Debtors' plan is measured, without an accurate Form 22C on file, the Court cannot confirm Debtors' plan. *See In re Coverstone*, 2011 WL 1541308 *5 (Bankr. D. Idaho, April 21, 2011). In other words, Debtors have failed to prove that their plan complies with the Code's confirmation requirements.

### *Trustee's Motion to Dismiss*

Trustee argues that, in addition to denying confirmation of Debtors' latest proposed plan, the Court should dismiss Debtors' bankruptcy case based upon

MEMORANDUM OF DECISION – 10

what she characterizes as "unreasonable delay." *See* § 1307(c)(1) (authorizing dismissal or conversion of a chapter 13 case where there has been "unreasonable delay by the debtor that is prejudicial to creditors").

One view of the evidence suggests that Debtors are attempting to correct their Form 22C's incrementally, as the Court rules on various issues raised by Trustee. However, this approach is flawed, since the burden of filing an accurate Form 22C and proposing a plan which conforms to § 1325(a) lies squarely on the shoulders of Debtors and their counsel; it is not the task of the chapter 13 trustee and the Court to essentially craft a confirmable plan for Debtors via a series of objections and rulings.

Because the Court concludes Debtors have had ample opportunity to confirm a plan, yet continue to submit problematic information and forms, Debtors' request for additional time to file yet another plan or another Form 22C must be declined. Their approach to proposing a plan, litigating about it with Trustee, and then proposing and litigating about another plan, amounts to unreasonable delay. Indeed, interpreting § 1307(c)(1), the BAP held that:

> [d]elays in achieving confirmation should not be

MEMORANDUM OF DECISION – 11

> limitless. Debtor has cited no authority which would suggest that three opportunities to confirm a plan and three extensions of the deadline to obtain confirmation were not ample under the circumstances, nor that a year and a month from the petition date was not an unreasonable delay prejudicial to creditors. Therefore, "cause" to dismiss pursuant to section 1307(c)(1) was shown, and the Bankruptcy Court did not abuse its discretion.

*In re Tran*, 2006 WL 6811015 (9th Cir. BAP 2006).

With the careful attention of competent counsel, perhaps the various loose ends currently on display in this case could be joined together in a confirmable plan. However, this case has already been pending for over one year; Debtors have proposed three plans; and Trustee has offered valid objections on multiple grounds each time. In addition, Debtors' income and expenses have varied considerably with each subsequent Form 22C they have filed. As noted by the BAP, at some point, the delay in getting a plan confirmed becomes prejudicial to creditors. The Court concludes that point has been reached, and this case should be dismissed so that creditors may enforce their rights to payment on their claims outside of the bankruptcy process.

MEMORANDUM OF DECISION – 12

*Conclusion*

Debtors' proposed chapter 13 plan can not be confirmed because Debtors have not met their burden to show that the plan conforms with the confirmation requirements found in § 1325(a). In addition, the Court finds that Debtors' delay in proposing a confirmable plan is unreasonable, and that cause exists for dismissal under § 1307(c)(1). Trustee's motion to dismiss will be granted.

A separate order will be entered.

Dated: June 13, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 13